Jasen, J.
(dissenting in part). While I join the majority insofar as it holds that the intended application of Public Health Law, article 23, title II is broad enough to encompass a bookstore or any other establishment employed for the conduct proscribed in section 2320 (1), nevertheless I do not believe that the constitutional issue is ripe for resolution at this time. Inasmuch as there has been neither a trial nor a final judgment imposing any sanction upon defendant, I agree with Justice Green’s concurring opinion below, that the constitutional question ought not to be anticipated and decided until or unless it need be.
*338 At this point in the litigation, only defendant’s motion for summary judgment has been denied. If defendant should obtain a judgment after a full trial, the constitutionality of closing defendant’s bookstore for a period of one year pursuant to section 2329 would never be placed in issue. If, on the other hand, judgment should be awarded to plaintiff, there is still no certainty that the constitutionality of the closure would have to be decided. The one year closure might be avoided altogether by application of the alternative provided in section 2332. Pursuant thereto, the court may order the premises released to the owner if the latter pays the costs of the proceedings and files a bond for the full value of the property.
Accordingly, the closure challenged by defendant is presently speculative and resolution of its constitutionality seems unnecessary at this point. Imposition of the closure may never occur, for it is contingent upon future events which may never come to pass. Thus, it is my view that a declaration regarding the validity of the closure provision of section 2329 is premature, that it may never resolve anything between the parties, and that it, thereby, constitutes an advisory opinion upon a still uncertain state of facts. (See, Matter of New York State Inspection, Security & Law Enforcement Employees v Cuomo, 64 NY2d 233, 240; New York Public Interest Research Group v Carey, 42 NY2d 527, 530-531; cf. Ashwander v Valley Auth., 297 US 288, 325; Electric Bond Co. v Securities & Exch. Commn., 303 US 419, 443.)
Judges Meyer, Simons, Kaye and Alexander concur with Chief Judge Wachtler; Judge Jasen dissents in part and votes to affirm in a separate opinion; Judge Titone taking no part.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed. Questions certified answered in the affirmative.